UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA CITY DIVISION

TROY LYNN ROBERTS,

    Plaintiff,

v.                                  Case No. 3:15cv254/MCR/CJK

BARRY HATTON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    On June 9, 2015, the undersigned entered an order (doc. 4) granting plaintiff's motion to proceed *in forma pauperis* and advising plaintiff that it appeared that he had failed to state a viable claim for relief against the defendants. Specifically, the undersigned explained that plaintiff's claims, which stemmed from the police searching plaintiff's residence and leaving plaintiff's door unlocked, resulting in the theft of plaintiff's property, sounded in negligence rather than constitutional violations and thus were not actionable under 42 U.S.C. § 1983. The court provided plaintiff an opportunity to clarify his allegations in an amended complaint.

    Plaintiff filed an amended complaint in which he essentially reiterated the facts and causes of action set forth in his initial complaint. Plaintiff asserted causes of action for a Fourth Amendment violation, arguing he was not presented with a copy of the search warrant and/or supporting affidavit prior to the search of his residence,

and Fifth Amendment violation, arguing he was denied due process when his residence was not locked following the search and his arrest, allowing for the theft of his property. The undersigned again advised plaintiff that, to the extent he complained about the officers' failure to lock his residence, plaintiff's claims sounded in negligence rather than constitutional violations and thus were not actionable under § 1983. The undersigned also advised plaintiff that his Fourth Amendment claim appeared to be barred by *Younger v. Harris*, 401 U.S. 37 (1971), in which the United States Supreme Court held that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Samuels v. Mackell*, 401 U.S. 66 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

As the undersigned noted, plaintiff's allegations did not establish, or support an inference, that plaintiff's prosecution was motivated by bad faith. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate."). And plaintiff failed to show that the "irreparable injury" exception applied. *See Younger*, 401 U.S. at 53-54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)); *Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (holding that irreparable

Case No. 3:15cv254/MCR/CJK

injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing *Younger*, 401 U.S. at 46). The undersigned further noted that plaintiff had an adequate state forum in which to raise his claims – in his state criminal proceedings – and that, to the extent the search violated plaintiff's Fourth Amendment rights, plaintiff could file a motion to suppress in that state court matter. The undersigned allowed plaintiff a final opportunity to clarify his allegations in a second amended complaint.

Plaintiff filed a second amended complaint (doc. 10), naming Inv. Erik Sormrude as the sole defendant.[1]  Although the second amended complaint reads a bit differently from plaintiff's prior complaints, it is based on the same facts and incorporates the same causes of action as set forth in the prior complaints filed in this case, as well as the complaint filed in Case No. 3:15cv358/MCR/EMT. The claims asserted in plaintiff's second amended complaint thus are not viable for the reasons set forth in the undersigned's July 24, 2015, order (doc. 9).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's complaint DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

---

[1] After plaintiff filed his second amended complaint, the case was consolidated with Case No. 3:15cv358/MCR/EMT, in which plaintiff filed a complaint under 28 U.S.C. § 1331 or § 1346 based on the officers' failure to lock his door and the theft of his property. *See* doc. 11. As Judge Timothy explained in her order of consolidation, 28 U.S.C. §§ 1331 and 1346 provide for civil rights actions against federal officials, whereas 42 U.S.C. § 1983, the statute under which plaintiff filed the instant action, is used for civil rights actions against state officials. Considering that plaintiff named only state actors in Case No. 3:15cv358/MCR/EMT, using the § 1331/1346 complaint form did not change the nature of plaintiff's claims, rendering the complaint duplicitous of the one filed in this case.

Case No. 3:15cv254/MCR/CJK

At Pensacola, Florida this 28th day of August, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**